UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                    :
LUIS COLON                                          :
                                                    :       CASE NO. 1:08-CV-199
                    Petitioner,                     :
                                                    :
vs.                                                 :       OPINION & ORDER
                                                    :       [Resolving Doc. Nos. 1, 11 & 12.]
ROBERT TASKEY, *et al.*                             :
                                                    :
                    Respondents.                    :
                                                    :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 23, 2008, Petitioner Luis Colon filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   [Doc. 1.]  With his petition, Colon seeks relief from the judgment

and sentence that an Ohio state court imposed following his conviction on one count of domestic

violence.  [*Id.* at 1.]  Respondents Commissioner Robert Taskey and the Honorable Lauren Moore

oppose the petition. [Doc. 7.]

On March 2, 2009, Magistrate Judge Greg White filed a Report and Recommendation that

recommended the Court deny the Petitioner's writ.   [Doc. 11.] The Petitioner objects to the

Magistrate Judge's Report and Recommendation.  [Doc. 12.]  For the reasons provided below, the

Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation and

**CONDITIONALLY GRANTS** Colon's petition for a writ of habeas corpus.

## I. Background

In this habeas action, Petitioner Luis Colon challenges the constitutionality of his conviction

Case No. 1:08-CV-199
Gwin, J.

by an Ohio state court under the Sixth Amendment.  The Petitioner claims that the trial court's admission of the alleged victim's statements to a police officer when the alleged victim did not testify against Colon at trial violated Colon's Sixth Amendment right to confront the witnesses against him.

On September 17, 2004, Petitioner Colon was charged in Cleveland Municipal Court with one count of domestic violence in violation of Ohio Revised Code § 2919.25(A). [Doc. 7-2.] This charge arose out of an incident that took place on August 28, 2004.  On this day, "at approximately 2:30 a.m., Evelyn Rivera and her husband, Adam Pabon, observed a man beating a woman outside their house." *City of Cleveland v. Colon*, No. 87824, 2007 WL 179082, ¶ 3 (Ohio Ct. App. Jan. 25, 2007).  Rivera noticed that the woman, whom she recognized as her neighbor from down the street, "was bleeding from the mouth and had blood all over her face, had a black and blue eye, and was bruised all over." *Id.*  Rivera called 911 to report the incident. *Id.*

Both Rivera and Pabon identified Petitioner Colon as the person who was hitting the woman. *Id.*  ¶ 3-4.  "Pabon stated that he went outside and told [Colon] not to hit the victim any more, but [Colon] continued with his assault on the victim." *Id.*  ¶ 4.  Pabon observed that "the victim was bleeding and appeared 'beat up.'" *Id.* When police officers responded to the 911 call, Pabon identified Colon for them and Colon began to run. *Id.*  "Pabon spoke to the victim approximately one minute later and described her as 'really sad,' hurt, bleeding, and crying. Over objection at trial, Pabon indicated that the victim said that it was her boyfriend who had been beating her." *Id.*

Police officer Brenda Korber ("Officer Korber") "testified that she responded to the scene of the assault and observed the victim sitting on a curb with a bruised and 'bloodied face.'" *Id.* ¶ 5.

-2-

Case No. 1:08-CV-199
Gwin, J.

Officer Korber described the victim as being "upset and crying." *Id.*  At trial, over an objection,[1/] "Officer Korber testified that the victim indicated she was walking home from a club with another man when Colon came up and began assaulting her in the face and head. When Officer Korber asked the victim who had assaulted her, the victim provided Colon's name and date of birth." *Id.*  The victim also told Officer Korber that "she had lived with Colon and dated him for approximately two years, but that they had not been together for six months." *Id.*

At trial, in addition to allowing the testimony of Rivera, Pabon, and Officer Korber, the court also admitted a medical report from the emergency room "in which the chief complaint by the victim was as follows: 'assaulted by boyfriend, hit to face, lips swollen.'" *Id.* ¶ 6.  Attempts were made to subpoena the victim to testify as a witness, but she did not appear in court. *Id.*  At the conclusion of the city's case, Colon's counsel made a Crim. R. 29 motion, but the trial court denied the motion, found Colon guilty of domestic violence, sentenced him to 180 days of incarceration (suspending all but 30 days), and imposed a $1,000 fine (suspending half of the fine). *Id.* The trial court granted a motion to stay the sentence pending the outcome of Colon's appeal to the state court of appeals. *Id.*

On February 27, 2006, Colon, through counsel, timely appealed the trial court's decision to the state court of appeals, raising the following assignment of error:  "Mr. Colon's right to confrontation was violated when the prosecution introduced testimonial hearsay statements from the alleged victim." *Id.* ¶ 8. On January 25, 2007, the state appellate court affirmed Colon's conviction. *Id.* ¶ 28.  Colon appealed the decision of the state court of appeals to the Supreme Court of Ohio, raising the following single ground for relief:

---

[1/]This evidence was admitted by the trial court under the excited utterance exception to the hearsay rule. *Id.* ¶ 6.

Case No. 1:08-CV-199
Gwin, J.

> The alleged victim's statements to the police in response to questions focused on ascertaining what had already occurred, rather than preserving her immediate safety or welfare[,] were not made during an ongoing emergency, and therefore, were testemo[n]ial under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

[Doc. 1 at 3.] The Supreme Court of Ohio did not accept Colon's appeal for review. *See Cleveland v. Colon*, 868 N.E.2d 680 (Ohio 2007). On September 18, 2007, Colon filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court declined to issue the writ on January 14, 2008. *See Colon v. City of Cleveland*, 128 S.Ct. 1080 (2008).

On January 23, 2008, Petitioner Colon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Colon raises the following single ground for relief: "The Sixth Amendment's Confrontation Clause bars the prosecution from introducing statements a non-testifying witness made to police during an interview that focused, not on an ongoing emergency, but on events that had already transpired." [*Id.* at 5.]

After Respondents Commissioner Robert Taskey and the Honorable Lauren Moore filed a Return of Writ on July 3, 2008, [Doc. 7], Magistrate Judge Greg White issued a Report and Recommendation in which he recommended that Petitioner Colon's habeas petition be denied, [Doc. 11.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 12.] The Court considers the Petitioner's objection below.

## II. Legal Standard

### A. Federal Magistrates Act

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate White's Report and Recommendation, any objections

Case No. 1:08-CV-199
Gwin, J.

must be filed with the Clerk of Court within ten days of the report's issuance.  Parties waive their

right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted.

*See id.*

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (1996) ("AEDPA"), governs collateral attacks on state court decisions.  The AEDPA provides

that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the

merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d);

*see also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of  § 2254(d) in *Williams*

*v. Taylor,* 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a

federal court must find a violation of law clearly established by holdings of the Supreme Court, as

opposed to its dicta, as of the time of the relevant state court decision."  *Miller,* 269 F.3d at 614

(quoting *Williams,* 529 U.S. at 412) (internal quotations omitted).  A federal habeas court may grant

the writ "under the 'unreasonable application' clause . . . if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case."  *Id.* at 413 (citations omitted).  The Sixth Circuit holds

that, even if a federal court determines that a state court incorrectly applied federal law, the federal

court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable.

-5-

Case No. 1:08-CV-199
Gwin, J.

*Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

### III.  Analysis

*A.  Ground for Relief:  Sixth Amendment Violation*

Petitioner Luis Colon asserts that his Sixth Amendment rights were violated when the trial court admitted statements made by the alleged victim to a police officer when the alleged victim did not testify against Colon at trial and had not previously been subject to cross-examination.  The state appellate court, in considering the Petitioner's case, correctly identified the relevant clearly established federal law, as determined by the Supreme Court.  It did not apply this law to the facts of the Petitioner's case in a manner that was objectively reasonable, however.  As a result, the Court grants Petitioner Colon's petition for a writ of habeas corpus.

To prevail on a habeas claim involving an assertion that the petitioner's Sixth Amendment right to confront the witnesses against him was violated when allegedly testimonial evidence was admitted at trial, the petitioner must demonstrate that the state court either made a decision that was contrary to the Supreme Court's holdings in *Crawford v. Washington*, 541 U.S. 36 (2004) and *Davis v. Washington*, 547 U.S. 813 (2006) or unreasonably applied *Crawford* and *Davis* to the facts of the petitioner's case.  *See* 28 U.S.C. § 2254(d).  In this case, the state appellate court correctly identified the abovementioned cases as the clearly established federal law on point.  *See Colon*, 2007 WL 179082, ¶¶ 17-20, 23.  The Petitioner has demonstrated that the state court was objectively unreasonable in deciding that the Petitioner had not demonstrated that the statements in question were testimonial, however.

The Confrontation Clause of the Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. CONST.

Case No. 1:08-CV-199
Gwin, J.

amend. VI.  This guarantee applies to both federal and state prosecutions.  *See Pointer v. Texas*, 380

U.S. 400, 406 (1965).  According to the Supreme Court, the Confrontation Clause bars the admission

of "testimonial" statements made by persons who are not subject to cross-examination regardless of

whether a hearsay exception would otherwise allow the admission of the statements.  *See Crawford*,

541 U.S. at 68-69.  Although the Court did not precisely define the term "testimonial" in deciding

*Crawford*, it did hold that "[s]tatements taken by police officers in the course of interrogations are

. . . testimonial under even a narrow standard."  *Id.* at 52.

Following *Crawford*, the Supreme Court set out a more nuanced definition of "testimonial"

statements made in the police interrogation context, stating that

> Statements are nontestimonial when made in the course of police interrogation under
> circumstances objectively indicating that the primary purpose of the interrogation is
> to enable police assistance to meet an ongoing emergency. They are testimonial
> when the circumstances objectively indicate that there is no such ongoing
> emergency, and that the primary purpose of the interrogation is to establish or prove
> past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822.

In its decision, the state appellate court considering Petitioner Colon's case evaluated the

statements that the alleged victim made to Officer Korber in light of the Supreme Court's decisions

in *Crawford*, *Davis*, and *Davis*'s companion case – *Hammon v. Indiana*.  The state court of appeals

then held that

> the facts in this case objectively indicate that at the time the statements were made,
> the police officer was assisting the victim with an ongoing emergency.  The suspect
> had just left the scene after beating the victim, the victim was bleeding from the face,
> and she was upset and crying.  Additionally, the victim made the statements with the
> primary purpose of enabling the police to 'meet an ongoing emergency, *i.e.*, to
> apprehend the person involved. . . . We do not believe that the statements made by
> the victim were [made] under circumstances which would lead an objective witness
> reasonably to believe that the statement[s] would be available for use at a later trial.
> Accordingly, we find that the statements were non-testimonial in nature.

Case No. 1:08-CV-199
Gwin, J.

*Colon*, 2007 WL 179082, ¶ 23.

Because the state court of appeals here correctly identified the Supreme Court case law on point, this Court must find that the appellate court's application of the law was "objectively unreasonable," *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), before granting Petitioner Colon's habeas petition.

The Court grants Petitioner Colon's habeas corpus petition because it concludes that the state court of appeals was objectively unreasonable in applying the clearly established federal law on point to the facts of this case.  Although the state court of appeals acknowledged that *Crawford*, *Davis*, and *Hammon* controlled Colon's Confrontation Clause claim, that court was objectively unreasonable in applying those cases.

In *Crawford*, the Court set out the general rule: "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 59.  In *Davis*, the Court found that an identification made in a 911 call was not testimonial.  The Court emphasized that in the call, the victim said about the assailant: "He's here jumpin' on me again." and "No. He's usin' his fists." *Davis*,  547 U.S. at 817. After making these identifications, the victim then said: "He's runnin' now."  *Id.*  In finding that the victim's identification of the perpetrator was non-testimonial, the Court emphasized that the identification was made during the assault: "The difference between the interrogation in *Davis* and the one in *Crawford* is apparent on the face of things. In *Davis*, [the victim] was speaking about events as they were actually happening, rather than describing past events." *Id.* at 828.  The Court reiterated this important distinction, saying that a conversation that begins as a need to determine the need for emergency assistance can evolve into testimonial

-8-

Case No. 1:08-CV-199
Gwin, J.

statements: "It could readily be maintained that, from that point on [after the victim indicated that her assailant had left,], [the victim's] statements were testimonial, not unlike the 'structured police questioning' that occurred in *Crawford*." *Id.* at 828-29.

The Court framed the determination regarding whether identification evidence was testimonial in the following way:

> When we said in *Crawford* that "interrogations by law enforcement officers fall squarely within [the] class" of testimonial hearsay, we had immediately in mind (for that was the case before us) interrogations solely directed at establishing the facts of a past crime, in order to identify (or provide evidence to convict) the perpetrator. The product of such interrogation, whether reduced to a writing signed by the declarant or embedded in the memory (and perhaps notes) of the interrogating officer, is testimonial.

*Id.* at 826

The companion case to *Davis*, *Hammon v. Indiana*, emphasizes that statements become testimonial when they are not made immediately during the ongoing emergency. In *Hammon*, police took an identifying statement while the defendant remained in the house, although he was separated from the victim. The Court found that the victim's identification was testimonial, subject to the Confrontation Clause. The Court explained:

> It is entirely clear from the circumstances that the interrogation [in *Hammon*] was part of an investigation into possibly criminal past conduct-as, indeed, the testifying officer expressly acknowledged. There was no emergency in progress; [] When the officer questioned [the victim] for the second time, and elicited the challenged statements, he was not seeking to determine (as in *Davis* ) "what is happening," but rather "what happened." Objectively viewed, the primary, if not indeed the sole, purpose of the interrogation was to investigate a possible crime-which is, of course, precisely what the officer should have done.

*Id.* at 829-30

The state court of appeals in this case unreasonably applied the abovementioned controlling authority. The material issue in *Davis* and *Hammon* was whether the identification was to affect

-9-

Case No. 1:08-CV-199
Gwin, J.

current assistance "to meet an ongoing emergency" or whether to "establish some past fact?"  Here, in light of this issue, the Court acknowledges that a constitutional violation likely occurred when the trial court admitted Officer Korber's testimony concerning the victim's statements, particularly the victim's identification of Colon.  This case presents a factual scenario that more closely resembles the situation in *Hammon*, rather than the situation in *Davis.* Although the victim in this case was crying and upset, Colon had already left the vicinity and thus there was no ongoing emergency.  Officer Korber's questioning of the victim (and the victim's responses to this questioning) sought testimonial evidence ands was a traditional police interrogation, rather than an initial inquiry designed to address an ongoing emergency and to secure the safety of the victim and of others.

From a practical standpoint, against the backdrop of *Crawford*, it is difficult to understand why the prosecutor asked Officer Korber to testify as to the victim's identification of Colon.  Both Rivera and Pabon identified Colon as being the assailant in this case and Officer Korber apparently saw Colon running away from the scene of the crime when she responded to the 911 call.  With an obvious confrontation issue present, the prosecutor should not have offered the out-of-court identification testimony, especially since it seemed unnecessary to establish that Colon assaulted the victim.

The Court finds that the decision of the state court of appeals was objectively unreasonable. The Court therefore grants Petitioner Colon's petition for a writ of habeas corpus, as his sole ground for relief is meritorious.

### IV.  Conclusion

For the reasons stated above, the Court **DECLINES TO ADOPT** the Report and

Case No. 1:08-CV-199
Gwin, J.

Recommendation of Magistrate Judge White and **CONDITIONALLY GRANTS** Petitioner Luis Colon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Accordingly, the Petitioner is ordered to be released from custody unless he is retried within a reasonable period of time.

      IT IS SO ORDERED.

Dated: June 4, 2009                     s/        *James S. Gwin*        
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE