UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| LUIS COLON : | |
| : | CASE NO. 1:08-CV-199 |
| Petitioner, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. No. 17.] |
| ROBERT TASKEY, *et al.* : | |
| : | |
| Respondents. : | |
| : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion and order, the Court decides whether to grant the motion to stay pending appeal – filed by Respondents Commissioner Robert Taskey and the Honorable Lauren Moore (collectively, the "Respondents") – of that portion of the previously issued writ of habeas corpus requiring re-prosecution of Petitioner Luis Colon within a reasonable period of time. [Doc. 17.] The Petitioner has not opposed the motion to stay pending appeal.

In its June 4, 2009 opinion and order, the Court conditionally granted Petitioner Colon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and ordered that the Petitioner be released from custody unless he was re-prosecuted within a reasonable period of time. On June 29, 2009, the Respondents appealed this decision to the United States Court of Appeals for the Sixth Circuit. [Doc. 16.] The following day, on June 30, 2009, the Respondents moved the Court to stay pending appeal that portion of the conditional writ of habeas corpus establishing a re-prosecution deadline of a reasonable period of time tolling from the date of the June 4, 2009 opinion and order. [Doc. 17.]

-1-

Case No. 1:08-CV-199
Gwin, J.

Conditional grants of habeas corpus relief "provide states with an opportunity to cure their constitutional errors." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006); *see also Hilton v. Braunskill*, 481 U.S. 770, 775(1987). District courts retain jurisdiction to determine whether the state has complied with the conditions set forth in the conditional writ. *Gentry*, 465 F.3d at 692. Additionally, district courts have the discretion to extend the deadlines imposed by the conditional writ. *See Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008); *see also McKitrick v. Jeffreys*, 255 Fed. Appx. 74, 75-76 (6th Cir. 2007).

In *D'Ambrosio v. Bagley*, No. 1:00-cv-2521, 2009 WL 1309900 (N.D. Ohio Apr. 27, 2009), the United States District Court for the Northern District of Ohio synthesized the existing authority and determined that a district court must evaluate the following elements in deciding whether to modify a conditional writ of habeas corpus: (1) "whether the petitioner's actions either wholly or partially caused the delay," *id*. at *18; (2) whether the state made "a good faith effort to comply with the mandate of [the] conditional writ," *id.*; and (3) "all aspects of the parties' respective responses to [the conditional writ] and . . . any relevant equitable considerations," *id.*

Here, the Respondents have appealed the Court's issuance of a conditional writ of habeas corpus to Petitioner Colon. The appeal will undoubtedly take longer than the reasonable period of time within which the Court has mandated that the state re-prosecute the Petitioner (if the state chooses to do so). Therefore, a failure to grant the stay pending appeal will force the Respondents to either forfeit the appeal or to re-prosecute the Petitioner while potentially wasting judicial and prosecutorial resources (if the Sixth Circuit should overturn the Court's decision). The Court thus **GRANTS** the Respondents' motion for a stay pending appeal. Further, if the Sixth Circuit upholds the Court's grant of habeas corpus relief to Petitioner Colon and the state decides to re-prosecute the

Case No. 1:08-CV-199
Gwin, J.

Petitioner, it must do so within 45 days of the Sixth Circuit's decision.

    IT IS SO ORDERED.


Dated: July 15, 2009                                                s/       *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE